# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANGELO HOWARD,

        Petitioner,    :    Case No. 1:12-cv-867

  - vs -                             District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN RHONDA RICHARD,
  Correctional Reception Center,

                                :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Howard's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations which recommended that the Petition be dismissed with prejudice (the "Report," Doc. No. 15). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Doc. No. 18).

The Petition pleads five grounds for relief and Petitioner, who is represented by counsel, objects to the dismissal of each of them. They will be discussed *seriatim*.

**Ground One: Improper Joinder of Charges for Trial**

    **Objection A to the Procedural Default Conclusion**

Howard was charged with aggravated murder (four counts), aggravated robbery, having a

1

weapon while under disability, aggravated burglary, and kidnapping, all with firearm specifications (Petition, Doc. No. 1, ¶ 5, PageID 1). In his First Ground for Relief, Howard asserts the charges against him were improperly joined for trial in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Respondent asserts this claim is procedurally defaulted by Howard's failure to renew his objection to joinder at trial and in any event is without merit (Return of Writ, Doc. No. 13, PageID 64-70). Howard rejoins that the court of appeals decided the procedural default question incorrectly under Ohio law.

The Report concluded first that this claim was procedurally defaulted because Ohio has a procedural rule requiring that any objection to joinder made pre-trial must be renewed at the time of trial, that Howard did not renew his objection at the time of trial, and that the court of appeals enforced this procedural default against him. (Report, Doc. No. 15, PageID 2229-35, *citing State v. Howard*, 2011-Ohio-2862, ¶¶ 13-19, 2011 Ohio App. LEXIS 2442 (1st Dist. June 15, 2011) (hereinafter "*Howard, supra*., ¶___"), and applying the procedural default standard from *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

Howard had argued before and continues to argue in the Objections that Ohio has no rule requiring that a pre-trial objection to joinder be renewed at trial (Objections, Doc. No. 17, PageID 2261-62). His argument is that Ohio R. Crim. P. 51 obviates that requirement. Rule 51 reads "[a]n exception, at any stage or step of the case or matter, is unnecessary to lay a foundation for review, whenever a matter has been called to the attention of the court by objection, motion, or otherwise, and the court has ruled thereon."

The Report discusses at some length the distinction between exceptions, required in earlier Ohio practice but now abolished, and objections, still required under Ohio law to preserve

2

an error for appeal (Report, Doc. No. 15, PageID 2233-35).  Howard objects that at least one federal judge, The Honorable James Gwin of the Northern District of Ohio, had held that Rule 51 has exactly the effect for which he contends, to wit, abolishing the requirement to renew at trial a pretrial objections to joinder (Objections, Doc. No. 17, PageID 2262, *quoting Hoffner v. Bradshaw,* 2008 U.S. Dist. LEXIS 123834, *104 (N.D. Ohio July 23, 2008)).

Hoffner moved pre-trial for dismissal of the murder specifications in his capital case on the ground Ohio's reasonable doubt definition was unconstitutional, but did not renew the objection when jury instructions were given.  Judge Gwin held that "[u]nder Ohio Rule of Criminal Procedure 51, the Petitioner did not need to object again to preserve the claim for review. . . .  Thus the Ohio appellate courts erred in finding that the Petitioner waived this claim and in applying plain error review." *Id.*

On direct appeal in *Hoffner,* the appellate court found there had been no objection to the reasonable doubt jury instruction when it was given and "[s]ince appellant did not object to this instruction at trial, the alleged error is waived unless it amounts to plain error." *State v. Hoffner*, 2001 Ohio App. LEXIS 1334, *31 (6th Dist. 2001), *citing State v. Waddell*, 75 Ohio St. 3d 163, 166 (1996).  On further appeal, the Ohio Supreme Court held:

> [**P60]  Hoffner contends in the sixth proposition of law that the trial court erred by instructing the jury using the statutory definition of "reasonable doubt" contained in R.C. 2901.05(D).  However, defense counsel failed to object to this instruction and thereby waived all but plain error. Crim.R. 52(B).

*State v. Hoffner,* 102 Ohio St. 3d 358, 367, 2004-Ohio-3430, ¶ 60 (2004).  Thus the Ohio appellate courts squarely held Hoffner had waived his objection to the reasonable doubt jury instruction.  Judge Gwin opined they were wrong.

However, federal habeas courts are bound to accept state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). In the *Hoffner* case itself, the Ohio courts rejected the proposition of Ohio law on which Judge Gwin relied.

Moreover, Judge Gwin cites no Ohio law for the position he takes on the meaning of Ohio R. Crim. P. 51. In contrast, the First District Court of Appeals, held that Howard had forfeited his misjoinder claim by failing "to renew that objection at any point during the trial. Howard's failure to renew his objection resulted in the waiver of any issue concerning joinder." *State v. Howard, supra*, at ¶ 14, *citing State v. Torres*, 66 Ohio St. 2d 340 (1981).

This Court is bound to follow Ohio law on the point in question, rather than the decision of a sister district court. This Court should find Howard's First Ground for Relief procedurally defaulted.

**Objection B. Ineffective Assistance of Trial Counsel Excuses the Procedural Default**

Howard argues that, even if the First Ground for Relief was procedurally defaulted by failure to renew the objection to joinder, that failure constitutes ineffective assistance of trial counsel which excuses the default.

4

The Report concluded Howard had not shown ineffective assistance of trial counsel because the First District Court of Appeals had found no prejudice from the joinder and therefore it could not have been ineffective assistance of trial counsel to fail to object (Report, Doc. No. 15, PageID 2235-36).  Howard objects, relying on his argument on the prejudice arising from joinder, but makes no separate argument on this point (Objections, Doc. No. 17).

**Objection C.  On the Merits of the First Ground for Relief**

The Report analyzed the merits of the First Ground for Relief in the alternative and concluded the state court decision was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent (Report, Doc. No. 15, PageID 2236-38).

Howard objects that "[t]his Court should review *de novo* the issue of whether Petitioner was denied his constitutional rights to due process and a fair trial because the issue was not procedurally defaulted."  (Objections, Doc. No. 17, PageID 2263.)  He then proceeds to argue as if *de novo* review were permitted, but it is not.  Just last week the Supreme Court held:

> Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U. S. ___, ___, 131 S. Ct. 770, 178 L. Ed. 2d 624, 641 (2011).

*White v. Woodall*, 572 U.S. ___, 2014 U.S. LEXIS 2935, *8-9 (Apr. 23, 2014).  *Woodall* reinforces a strong line of cases beginning with *Terry Williams v. Taylor*, 529 U.S. 362 (2000).

*See also Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); and *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The First District Court of Appeals plainly decided this constitutional claim on the merits and its decision must be reviewed under the standard in 28 U.S.C. § 2254(d)(1).  However, the Objections offer no analysis of the First District's decision against any relevant Supreme Court precedent.  Objection C is therefore not well taken.

**Second Ground for Relief:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Howard asserts his trial attorney provided constitutionally ineffective assistance in three ways (1) failure to renew the joinder objection, (2) failure to object to the State's Criminal Rule 16 violation, and (3) failure to object to admission of the firearm (Reply, Doc. No. 13, PageID 2216-19).

The Report found the Second Ground for Relief was without merit in that the court of appeals' decision on these three points was neither contrary to nor an objectively unreasonable application of Supreme Court holdings.  While Howard objects, he cites no relevant Supreme Court precedent, essentially arguing the claim *de novo* (Objections, Doc. No. 17, PageID 2267).  However, the First District's decision on these three points is entitled to AEDPA deference and Howard has not overcome that deference.

**Third Ground for Relief:  Reliability Determination**

In his Third Ground for Relief, Howard asserts he was deprived of due process of law when the testimony of Eugene and Carlos Jackson was admitted against him without the trial court's conducting a reliability hearing.  The Report rejected this claim because Howard cited no Supreme Court precedent "even remotely suggesting that a "reliability hearing" is constitutionally compelled when the State proposes to introduce the testimony of co-perpetrators who have received sentencing reductions for their agreement to testify." (Report, Doc. No. 15, PageID 2242.)

Howard's one-sentence objection still cites no relevant Supreme Court precedent.

**Fourth Ground for Relief:  Insufficient Evidence**

The Report devoted five pages to analysis of this claim (Doc. No. 15, PageID 2243-47).  Howard objects, but merely incorporates by reference his arguments in the Traverse.  No further analysis is needed here.

**Fifth Ground for Relief:  Double Jeopardy**

In his Fifth Ground for Relief, Howard asserts that his convictions on multiple counts of aggravated murder, aggravated robbery, and kidnapping violate his rights under the Double Jeopardy Clause.  The Report devoted eight pages to analysis of this claim (Doc. No. 15, PageID

2247-54).  In the Objections, Howard makes no argument but merely cites to *Blockburger v. United States,* 284 U.S. 299 (1932), and *State v. Johnson*, 128 Ohio St. 3d 153 (2010).  *Johnson* was decided by the Ohio Supreme Court on December 29, 2010, after Howard filed his appellate brief on November 24, 2010, but the First District considered the *Johnson* decision when deciding this case.  *Howard, supra*, ¶ 49.  The Magistrate Judge believes the First District's interpretation of *Johnson* is correct, but even if it had been in error, *Johnson* is obviously not a decision of the United States Supreme Court and those are the only decisions which "count" under the AEDPA.  As to *Blockburger*, Howard makes no argument about how *Howard* is an objectively unreasonable application of *Blockburger* and did not even cite *Blockburger* to the First District.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and Howard be denied both a certificate of appealability and leave to appeal *in forma pauperis*.

April 29, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).