UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Angelo Howard,

      Petitioner,

  v.

Warden, Correctional
Reception Center,

      Respondent.

Case No.: 1:12-cv-867

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the January 31, 2014 Report and Recommendation ("R&R") (Doc. 15) and the April 29, 2014 Supplemental R&R of the Magistrate Judge. (Doc. 19).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed Objections to the R&R and the Supplemental R&R. (Docs. 17 & 21). For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the Magistrate Judge's R&R and Supplemental R&R are ADOPTED.

### I. BACKGROUND

With the assistance of counsel, Petitioner Angelo Howard brought this habeas action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Common Pleas Court on charges of aggravated murder, aggravated robbery, having a

weapon while under disability, aggravated burglary, and kidnapping, all with firearm specifications.

The factual and procedural history of this case is described in the Magistrate's Report and Recommendation, and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

## II. ANALYSIS

### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Ground One: procedural default

The Hamilton County Grand Jury indicted Petitioner in Case No. B-0703493 for offenses related to the deaths of Gino Booker and Tim Canady and in case No. B-0806325 with offenses related to the deaths of Kevin Johnson and Kevin Redding. Over Petitioner's objection, these two cases were joined for trial. Petitioner raised improper joinder on direct appeal. The First District Court of Appeals ruled:

> although Howard properly objected to the state's pretrial motion for joinder, he failed to renew that objection at any point during the trial. Howard's failure to renew his objection resulted in the waiver of any issue concerning joinder. *State v. Robertson*, 1st Dist. Nos. C-070151 and C-070159, 2008 Ohio 2562, ¶ 11. But because the issue is relevant to Howard's tenth assignment of error regarding ineffective assistance of counsel, we hold that even if Howard had preserved his objection, the trial court did not commit an abuse of discretion in allowing joinder.

2

*State v. Howard*, 2011-Ohio-2862, ¶ 14 (Ohio Ct. App. June 15, 2011).

In his First Ground for Relief, Petitioner asserts the charges against him were improperly joined for trial in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

The Magistrate Judge concluded that this claim was procedurally defaulted because Ohio has a procedural rule requiring that any objection to joinder made pre-trial must be renewed at the time of trial; Petitioner did not renew his objection at the time of trial; and the court of appeals enforced this procedural default against him. Petitioner objects to this conclusion, arguing that Ohio has no rule requiring that a pre-trial objection to joinder be renewed at trial. Petitioner relies on Ohio Rule of Criminal Procedure 51 and *Hoffner v. Bradshaw,* No. 3:05-CV-00687, 2008 WL 8943882 (N.D. Ohio July 23, 2008), *aff'd* 622 F.3d 487 (6th Cir. 2010).

Ohio Rule of Criminal Procedure 51 provides: "An exception, at any stage or step of the case or matter, is unnecessary to lay a foundation for review, whenever a matter has been called to the attention of the court by objection, motion, or otherwise, and the court has ruled thereon." The Magistrate Judge explained the distinction between objecting and taking exception to a ruling dealing with the objection. The Magistrate Judge explained further that "Ohio R. Crim. P. 51 was intended to canonize abolition of the exception requirement in Ohio practice and has no relevance to the rule relied on by the court of appeals in this case about renewing an objection to joinder at trial." (Doc. 15, PAGE ID# 2234).

Moreover, as the Magistrate Judge pointed out, the court of appeals ruled that based on state law, Petitioner's failure to renew his objection during trial resulted in the

3

waiver of any issue concerning joinder. The Supreme Court has "repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). For this reason, the Court finds that the Magistrate Judge correctly distinguished *Hoffner v. Bradshaw*, No. 3:05-CV-00687, 2008 WL 8943882, at *32 (N.D. Ohio July 23, 2008).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner has procedurally defaulted his claim in Ground One. Petitioner's objections on this point are OVERRULED.

### C. Ground One: ineffective assistance of counsel as excuse for procedural default

Petitioner argues that, even if the First Ground for Relief was procedurally defaulted by failure to renew the objection to joinder, that failure constitutes ineffective assistance of trial counsel which excuses the default. However, the Magistrate Judge found that Petitioner had not shown ineffective assistance of trial counsel.

To establish ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The test for prejudice is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).

The Magistrate Judge noted if counsel would have renewed the objection at trial, the issue would have been preserved for appeal. However, the Magistrate Judge also noted that Petitioner has not shown he would have been any more likely to prevail either

at trial or on appeal on this issue had the objection been renewed at trial. As the Magistrate Judge explained, the First District Court of Appeals had found no prejudice from the joinder and therefore it could not have been ineffective assistance of trial counsel to fail to object.

The Court finds no error in the Magistrate Judge's conclusion that Petitioner has not shown ineffective assistance of trial counsel in order to provide cause for procedurally defaulted his claim in Ground One. Petitioner's objections on this point are OVERRULED.

### D. Ground One: merits

The Magistrate Judge analyzed the merits of the First Ground for Relief in the alternative.

While Petitioner argued for *de novo* review of his misjoinder claim, the Magistrate Judge explained: "When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court." (Doc. 15, PAGEID #2236) (citing 28 U.S.C. § 2254(d)(1)). The Magistrate Judge concluded the state court decision was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. The Magistrate Judge explained:

> In this case the court of appeals noted that Howard's crimes came within the "course of conduct" provision in Ohio R. Crim. P. 8. Moreover, the criminal offenses within that course of conduct comprised separate and distinct incidents unlike, for example, when the overt acts underlying a conspiracy charge are tied together by the conspiracy allegations. Howard argues the evidence was not simple and distinct, but points to the

5

> prosecutor's arguments rather than the evidence itself (Reply, Doc. No. 13, PageID 2212-13.  Finally, the trial judge gave an appropriate limiting instruction to the jury.  The fact that the jury found Howard not guilty of one of the four charged murders shows they were capable of keeping the evidence separate.

(Doc. 21, PAGEID #2248).

The Court finds no error in the Magistrate Judge's conclusion regarding the merits of Petitioner's claim of improper joinder.  Petitioner's objections on this point are OVERRULED.

### E.  Ground Two: ineffective assistance of trial counsel

Petitioner claims his trial attorney provided constitutionally ineffective assistance in three ways (1) failure to renew the joinder objection, (2) failure to object to the State's Criminal Rule 16 violation, and (3) failure to object to admission of the firearm.

The Magistrate Judge concluded that this claim is without merit in that the court of appeals' decision on these three points was neither contrary to nor an objectively unreasonable application of Supreme Court holdings.  The Magistrate Judge explained: "As with other federal constitutional claims, when a claim of ineffective assistance of trial counsel has been decided by the state courts, the federal habeas court is obliged to defer under AEDPA unless the state court's conclusion are contrary to or an objectively unreasonable application of clearly established Supreme Court precedent."  (Doc. 15, PAGEID # 2240).

The Supreme Court has explained that "[s]urmounting *Strickland's* high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed. 2d 624 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010)). The Supreme Court has explained further that:

> [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.

*Id.* (internal quotation marks and citations omitted). The Supreme Court has also warned:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.*

The Court finds that the Magistrate Judge properly applied these standards and there is no error in his conclusion regarding Petitioner's claim of ineffective assistance of trial counsel. Petitioner's objections on this point are OVERRULED.

### F. Ground Three: reliability hearing

Before trial, Petitioner made a motion to exclude the testimony of Eugene Jackson, Andre Thomas, and Harold Thomas or to hold a "reliability" hearing on these witnesses. The motion was denied. In Ground Three, Petitioner claims he was deprived of due process of law when the testimony of Eugene and Carlos Jackson was admitted against him without the trial court's conducting a reliability hearing.

The Magistrate Judge concluded that this claim is without merit because there is no Supreme Court precedent which suggests that a "reliability hearing" is constitutionally compelled when the State proposes to introduce the testimony of co-perpetrators who have received sentencing reductions for their agreement to testify. In his objections, Petitioner does not provide any additional support for his claim. Therefore, Petitioner's objections to the dismissal of this claim are OVERRULED.

7

### G. Ground Four: insufficient evidence

In his Ground Four, Petitioner claims he was convicted on insufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment. The Magistrate Judge explained that the court of appeals considered this claim on direct appeal and found merit in it with respect to the Kevin Redding, but as to the remaining convictions, the court of appeals found there was sufficient evidence to support the convictions.

The Magistrate Judge recognized that a federal court conducting a habeas review may only overturn a state court decision rejecting a sufficiency of the evidence challenge if the state court decision was "objectively unreasonable." The Magistrate Judge explained that Petitioner's arguments challenge the credibility of the evidence, but "[a] federal habeas court is not authorized to second-guess a jury which has heard thorough cross-examination raising the credibility issues." (Doc. 15, PAGEID # 2247). The Court finds no error in this conclusion. Therefore, Petitioner's objections on this point are OVERRULED.

### H. Ground Five: double jeopardy

Petitioner claims that his convictions on multiple counts of aggravated murder, aggravated robbery, and kidnapping violate his rights under the Double Jeopardy Clause. The Magistrate Judge noted that Petitioner did not raise a Double Jeopardy claim in his direct appeal, instead arguing that he was improperly sentenced on allied offenses of similar import in violation of Ohio's multiple count statute, Ohio Revised Code § 2941.25.[1]

---

[1] This Court has explained that in *State v. Johnson*, 128 Ohio St.3d 153, 942 N.E.2d 1061 (2010) the Supreme Court of Ohio held that Ohio Revised Code § "2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *Dillingham v. Warden, Chillicothe Corr.*

8

The First District Court of Appeals concluded that none of Petitioner's convictions involved allied offenses of similar import subject to merger under Ohio Revised Code § 2941.25. The Magistrate Judge concluded that this determination of the allied offenses claim is dispositive of Petitioner's Double Jeopardy claim. The Magistrate Judge explained that if "the First District has unreasonably interpreted Ohio Revised Code § 2941.25, this Court is nevertheless bound by that interpretation." (Doc. 15, PAGEID # 2253) (citing *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013)).

However, the Magistrate Judge explained that if Petitioner is arguing that the First District Court of Appeals' decision is "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," that claim is reviewable. *See* 28 U.S.C. § 2254(d)(2). Upon conducting this review, the Magistrate Judge found that the First District's determination was reasonable. The Supreme Court has explained that "even if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's ... determination.'" *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 341-42, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The Court finds no error in the Magistrate Judge's conclusion. Therefore, Petitioner's objections to the dismissal of his claim based on Double Jeopardy are OVERRULED.

### III. **CONCLUSION**

Based on the foregoing, the Magistrate Judge's January 31, 2014 R&R (Doc. 15) and the April 29, 2014 Supplemental R&R (Doc. 19) are **ADOPTED** in their entirety.

---

*Inst.*, No. 1:13-CV-468, 2014 WL 2560725, at *7 (S.D. Ohio June 6, 2014), report and recommendation adopted, 2014 WL 5501542 (S.D. Ohio Oct. 30, 2014).

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED with prejudice;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been adjudicated on the merits herein, because they do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore Petitioner is DENIED leave to appeal in forma pauperis upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED**.

                                               */s/ Michael R. Barrett*
                                               United States District Judge